UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY WINTERS,

                    Petitioner,

-against-

SUPERINTENDENT T. STICHT,

                    Respondent.

16-CV-5027 (LAP)(KNF)

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Petitioner Gregory Winters's June 22,
2016, petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.  (Dkt. no. 2.)  Magistrate Judge Kevin Fox has issued a
Report and Recommendation ("R&R") that the motion be denied.
(Dkt. no. 20.)  For the reasons set forth below, the R&R is
adopted in its entirety, and Mr. Winters's motion is DENIED.

    I.  **Background**

    The Court assumes the parties' familiarity with the facts
of the case--as they were set out in detail in Judge Fox's R&R--
and it will summarize only the facts relevant to the motion
here.

    On August 13, 2013, a state-court jury found Petitioner
guilty of second-degree burglary.  See People v. Winters, 17
N.Y.S.3d 116 (1st Dep't 2015).  He was sentenced, as a predicate
violent felony offender, to a seven-year prison term and five
years post-release supervision.  Id. at 117.  On October 1,

1

2015, the Appellate Division, First Department, affirmed
Petitioner's conviction, id., and the New York Court of Appeals
denied Petitioner's appeal, 26 N.Y.3d 1044 (2015).

Before the First Department, Winters raised the following
claims: (1) he was improperly denied his request for an
adjournment and an access order, (2) the trial court erroneously
denied a limiting instruction regarding an out-of-court
statement used as background information and (3) the prosecutor
committed misconduct during summation by arguing material facts
not in evidence and mischaracterizing critical testimony.  See
Winters, 17 N.Y.S.3d at 117.  The First Department held that
Petitioner "failed to preserve" all of his arguments, and the
court "decline[d] to review them in the interest of justice."
Id.  In the alternative, the court found "no basis for reversal"
and, "with regard to both the preserved and unpreserved issues,
that any errors were harmless in light of the overwhelming
evidence of . . . guilt."  Id.

## II.  R&R Report

On June 22, 2016, the Petitioner filed a petition for a
writ of habeas corpus.  (Dkt. no. 2.)  The State opposed the
motion.  (Dkt. no. 16.)  On August 17, 2016, the Court referred
the petition to Magistrate Judge Fox.  (Dkt. no. 8.)  On January
16, 2018, Magistrate Judge Fox filed an R&R, in which he
recommended denying Petitioner's motion.  (Dkt. no. 20 at 9.)

Magistrate Judge Fox found that Petitioner did not exhaust all available remedies in state court because he failed to assert constitutional rights violations before the trial court in connection with his claims.  (Id. at 8.)  Judge Fox also found that Petitioner failed to show cause or prejudice that would result from failing to consider his claims.  (Id.)  In addition, Judge Fox noted that Mr. Winters did not assert that he is actually innocent.  (Id.)  Moreover, Judge Fox reasoned that Petitioner's claims are barred because the First Department rejected those contentions based New York's contemporaneous objection rule, and it is not the role of a federal habeas court to reexamine state-court determinations on state-law questions. (Id. at 8-9.)

### III. Objection to R&R

Petitioner filed objections to the R&R on January 29, 2018. (Dkt. no. 21.)  Petitioner claims that he is entitled to a full defense, including the right to present relevant evidence, which was violated by the court's refusal to grant adjournment allowing counsel to obtain additional video footage withheld by the prosecutor or to issue an order granting counsel access to investigate the crime scene.  (Id. at 1-2.)  Petitioner also asserts that he is entitled to the video footage, as evidence withheld by the prosecution is a violation of the Brady rule given that the video footage would have assisted in his defense.

3

(Id at 2-4.)   Lastly, Petitioner contends that the trial court's admitting an out-of-court statement and the prosecutor's arguing material facts not in evidence during summation combined to deny him a fair trial.   (Id at 4.)

**IV.  Legal Standard**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's R&R.   28 U.S.C. § 636(b)(1)(C).   When there are no objections to the R&R, or where the objections are "merely perfunctory responses, . . . reviewing courts should review a [R&R] for clear error."   Edwards v. Fischer, 414 F.Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (internal quotation marks omitted).   "Where there are objections, however, the court must make a de novo determination as to those portions of the report to which objections are made."   McKiver v. City of New York, No. 17 Civ. 4411, 2018 U.S. Dist. Lexis 122706, at *7 (S.D.N.Y. July 23, 2018).   "It is sufficient that the court 'arrive at its own independent conclusion' regarding those portions of the report to which objections are made."   Braxton v. City of New York, No. 17 Civ. 199, 2020 U.S. Dist. Lexis 48185, at *6 (S.D.N.Y. Mar. 19, 2020) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985)).

**V.   Discussion**

Petitioner's claims are barred for two reasons.  The first reason is that Mr. Winters failed to exhaust his claims in state court.  See Winters, 17 N.Y.S.3d at 117.  The second reason is that Mr. Winters is barred from bringing his claims as the court relied on New York's contemporaneous objection rule, which is an adequate and independent state law ground.  Id.

Under AEDPA, "a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Brown v. Lee, No. 14-CV-9718 (KMK), 2019 U.S. Dist. Lexis 176776, at *9 (S.D.N.Y. Oct. 10, 2019).  "If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we 'must deem the claim[ ] procedurally defaulted.'"  Carvajal v. Artuz, 633 F.3d 95, 104 (2d Cir. 2011).  However, "an applicant seeking habeas relief may escape dismissal on the merits of a procedurally defaulted claim only by demonstrating 'cause for the default and prejudice' or by showing that he is 'actually innocent' of the crime for which he was convicted."  Id.

Petitioner's claims are procedurally defaulted.  As the First Department observed, Petitioner "failed to preserve" any of his arguments for appellate review.  Winters, 17 N.Y.S.3d at

5

117. Moreover, as Judge Fox identified, Mr. Winters is not arguing that he is actually innocent, and he has also not provided any reason for his procedural default and cannot establish prejudice. (Dkt. no. 20 at 8.)  Therefore, the Court is barred from considering Petitioner's arguments on the merits.

Petitioner's claims are also barred on independent and adequate state law grounds.  A federal habeas court will not review a claim rejected by the state court "[i]f the state ground for decision is adequate." Downs v. Lape, 657 F.3d 97, 102 (2d Cir. 2011).  A state ground of decision is adequate if "the rule upon which the state court relied is 'firmly established and regularly followed.'" Id.  The First Department relied on New York's contemporaneous objection rule, Winters, 17 N.Y.S.3d at 117, which is a firmly established and regularly followed New York procedural rule, Downs, 657 F.3d at 104.  The First Department's adherence to this rule therefore bars the federal habeas court from reviewing Petitioner's claims.

In sum, Judge Fox properly concluded that Mr. Winters's petition should be denied.  The Court has considered the remaining objections to the R&R but cannot grant the motion due to the procedural bars in place.

## VI. Conclusion

For the foregoing reasons, the Court adopts the R&R in its entirety, and Mr. Winters's motion is DENIED. (Dkt. No. 2.)

6

Finding that Mr. Winters has not made a substantial showing of a denial of a constitutional right, no certificate of appealability will be granted.  See 28 U.S.C. § 2253(c).  The Court certifies that any appeal from this Order would not be taken in good faith.  See id. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is directed to (1) mark this action closed and all pending motions denied as moot and (2) mail a copy of this order to Mr. Winters.

**SO ORDERED.**

Dated:     February 4, 2021
           New York, New York

LORETTA A. PRESKA
Senior United States District Judge